MCGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-0171-MCE |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER |
| v. | |
| AGUSTIN CRUZ-SANCHEZ, ABRAHAM DE LOS SANTOS-SANCHEZ, and NANCY EVELIN VILLENA-ARGUELLES | |
| Defendants. | |

## I.     STIPULATION

1. Plaintiff United States of America, by and through its counsel of record, and defendants Agustin Cruz-Sanchez, Abraham De Los Santos-Sanchez, and Nancy Evelin Villena-Arguelles ("defendants"), by and through their counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information ("PII") and other confidential information of real persons.

2. On August 30, 2018, the Grand Jury returned an indictment charging defendants with conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1), and depredation of public lands and resources in violation of 18 U.S.C. § 1361. Defendants are currently detained pending trial.

3. As part of its investigation in the above-captioned case, the government is in the possession of documents relating to the charges against the defendants, and seeks to provide those documents to the counsel for the defendants. The government seeks to do so pursuant to its discovery obligations, although some of the materials may exceed the scope of the government's discovery obligations and will be produced to promote a prompt and just resolution of the case.

4. The government intends to produce to Defense Counsel, as defined below, materials containing PII and other confidential information of real persons, including, among other things, personal names, addresses, and dates of birth. These real persons are third parties, co-defendants, or witnesses to this case.

5. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the PII of others. If this information is disclosed without protective measures or to defendants without limitation, it will risk the privacy and security of the information's legitimate owners. The government has ongoing statutory and ethical obligations to protect this information, and cannot produce these materials without measures to ensure its protection.

6. The PII cannot be redacted from the materials the government seeks to produce pursuant to the proposed Protective Order. Some of the materials containing PII are audio recordings, which cannot reasonably be redacted. Other materials contain PII that relates to investigative leads that law enforcement pursued during the investigation of this case, including the names and addresses of individuals who were the registered owners of vehicles involved in the charged crimes but who do not presently appear to have had any involvement in those crimes. If the government were to redact this information, the discovery would be difficult, if not impossible, to interpret and understand, and would inhibit prompt and just resolution of the case.

7. Accordingly, the parties jointly request a Protective Order that will permit the government to produce discovery that is unredacted, but that preserves the privacy and security of third parties. The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of third parties, while permitting the defense to understand the government's evidence against the defendants.

8. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II. PROPOSED PROTECTIVE ORDER

### A. Protected Materials

9. This Order pertains to all materials containing PII or other confidential third-party information (hereafter, "Protected Materials").

10. The government is authorized to designate materials containing PII or other confidential third-party information as Protected Materials. To so designate, the government must identify the Protected Materials on the material itself, in an accompanying cover letter, or on a diskette cover or label, by using the following designation "PROTECTED MATERIALS- SUBJECT TO PROTECTIVE ORDER." If a defendant objects to any such designation, he or she may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

11. For purposes of the Protective Order, the term "Personal Identifying Information" (PII) includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7).

12. To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order, and must be handled in accordance with the terms of the Protective Order.

### B. Defense Team

13. For purposes of this Order, the term "Defense Counsel" refers to each defendant's counsel of record.

14. For purposes of this Order, the term "Defense Team" refers to (1) a defendant's counsel of record, (2) other attorneys at Defense Counsel's law firm or organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting Defense Counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.

The term "Defense Team" does not include the defendant, the defendant's family, or other associates of the defendant.

15. Before providing Protected Materials to any member of the Defense Team, Defense Counsel must provide a copy of this Order and must obtain written consent from that member of the Defense Team of his or her agreement to be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless requested by the United States and ordered by the Court.

### C. Disclosure of Protected Materials

16. Each Defense Team shall not permit anyone other than that Defense Team to have possession of the Protected Materials, including the defendants themselves.

17. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

18. Each defendant may review Protected Materials in this case only in the presence of a member of his or her Defense Team, and his or her Defense Counsel shall ensure that the defendant is never left alone with any Protected Information. Defendants may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time. A defendant must return any Protected Materials to his or her Defense Team at the conclusion of any meeting at which defendant reviews the Protected Materials. A defendant may not take any Protected Materials out of the room in which he or she is meeting with the Defense Team. A defendant may not write down or memorialize any PII contained in the Protected Materials. At the conclusion of any meeting with a defendant, a member of his or her Defense Team shall take with him or her all Protected Materials. At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of a defendant, whether or not he or she is incarcerated, except as provided below in Paragraph 28.

19. The Defense Team may review Protected Materials with a witness or potential witness in

this case, including a defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to a defendant. Before showing a witness or potential witness any portion of the Protected Materials, a member of the Defense Team must inform that person of the requirements of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

20. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the government's discovery obligations.

21. Defense Counsel shall advise the government with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the government may take action to resist such demands as it may deem appropriate.

**D.     Ensuring Security of Protected Materials**

22. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office.

23. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium or device.

24. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on each copy: "PROTECTED MATERIALS- SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be marked with the above notation.

**E.     Filings**

25. In the event that a party needs to file Protected Materials containing PII with the Court,

the PII shall be redacted or the filing shall be made under seal.

### F. Conclusion of Prosecution

26. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

27. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

28. If, upon final disposition of the case, a defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that: 1) Defense Counsel ensures that all PII contained in the Protected Materials is fully redacted; and 2) the defendant is no longer in custody. If the defendant is in custody at the time of the request, Defense Counsel may provide the requested redacted copy upon release. If Defense Counsel provides a redacted copy to a defendant subject to the above conditions, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that the PII has been fully redacted from the Protected Materials in compliance with this Order. This written certification need not be disclosed or produced to the United States unless requested by the United States and ordered by the Court.

### G. Termination or Substitution of Counsel

29. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. Upon consenting to this Order, new defense counsel will become Defense Counsel for purposes of this Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraphs 26-28 above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by

termination of representation or conclusion of the prosecution.

### H. Modification of Order

30. Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any part from seeking a more restrictive protective order with regard to particular discovery items.

### I. Violation of Order

31. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court.

### J. Application of Laws

32. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

33. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: September 21, 2018  McGREGOR W. SCOTT
United States Attorney

By: /s/ DAVID W. SPENCER
DAVID W. SPENCER
Assistant United States Attorney

Dated: September 21, 2018  /s/ MATTHEW BOCKMON
MATTHEW BOCKMON
Counsel for Defendant
Agustin Cruz-Sanchez

Dated: September 21, 2018  /s/ ETAN ZAITSU
ETAN ZAITSU
Counsel for Defendant
Abraham De Los Santos-Sanchez

Dated: September 21, 2018  /s/ CLEMENTE JIMENEZ
CLEMENTE JIMENEZ
Counsel for Defendant
Nancy Evelin Villena-Arguelles

# [~~PROPOSED~~] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED

Dated: September 24, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE