McGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM DE LOS SANTOS-SANCHEZ,<br><br>Defendant. | CASE NO. 2:18-CR-0171-MCE<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING JUDGMENT & SENTENCING HEARING; ORDER<br><br>DATE: June 18, 2020<br>TIME: 9:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

## BACKGROUND

The Indictment in this matter charges defendant Abraham De Los Santos-Sanchez with conspiracy to manufacture at least 1,000 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), manufacturing at least 1,000 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) (Count Two), and depredation of public lands, in violation of 18 U.S.C. § 1361 (Count Three). ECF No. 21. Under the terms of his plea agreement with the government, ECF No. 80, defendant pleaded guilty to Count One of the Indictment, and the Court entered defendant's guilty plea on October 31, 2019. ECF No. 77.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize sentencing by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district

judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to . . . [COVID-19] have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety."  Accordingly, the findings of the Judicial Conference and General Order 614 establish that sentencings cannot take safely take place in person.

In order to authorize sentencing hearings by remote means, however, the CARES Act—as implemented by General Order 614—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice."  General Order 614 further requires that the defendant consent to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 614 have been satisfied in this case.  They request that the Court enter an order making the specific findings required by the CARES Act and General Order 614.  Specifically, for the reasons further set forth below, the parties agree that:

1)	The judgment & sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California and the large and growing backlog of criminal and civil cases in the District; and

2) The defendant waives his physical presence at the hearing and consents to remote hearing by Videoconference.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

1  resources across its heavy caseload." The report accompanying the Judicial Council's declaration
2  analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the
3  District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in
4  weighted filings) and its shortage of judicial resources (the District is currently authorized only six
5  district judges; two of those positions are currently vacant). The report further explained that a backlog
6  of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings
7  of individuals.

8.  On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9.  On May 13, 2020, General Order 618 issued, continuing court closures "until further notice," and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

10.  Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11.  The judgment & sentencing hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

12.  The defendant in this case consents to proceed with his judgment & sentencing hearing by Videoconference.

IT IS SO STIPULATED.

Dated: June 16, 2020                                  McGREGOR W. SCOTT
                                                      United States Attorney

                                                      /s/ DAVID W. SPENCER
                                                      DAVID W. SPENCER
                                                      Assistant United States Attorney

STIPULATION REGARDING JUDGMENT & SENTENCING HEARING                4

Dated: June 16, 2020

/s/ ETAN ZAITSU
ETAN ZAITSU
Counsel for Defendant
ABRAHAM DE LOS SANTOS-SANCHEZ

**ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The judgment & sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice; and

    b) The defendant has waived his physical presence at the hearing and consents to remote hearing by Videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 614, the judgment & sentencing hearing in this case will be conducted by Videoconference.

IT IS SO ORDERED.

Dated: June 16, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE